IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TORAN K. GREEN,

    Petitioner,

vs.                                                      Case No. 4:15cv187-MW/CAS

JULIE JONES, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    On March 26, 2015, Toran K. Green, proceeding pro se, filed a motion for extension of time. Doc. 1. Specifically, Mr. Green requests a sixty-day extension of time to file his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* He does not provide any information concerning the underlying state conviction or any claims for relief. *See id.* A search of Court records reveals Mr. Green currently has no § 2254 petition, or any other case, pending in this Court; therefore, a new case was opened with the filing of his motion.

    This Court, however, has no authority to grant an extension of the one-year federal habeas limitations period set forth in 28 U.S.C. § 2244(d)(1). Unless and until a § 2254 petition is filed, this Court has no jurisdiction to consider timeliness of such petition as there is no case or controversy. *See, e.g.*, United States v. Leon, 203 F.3d

162, 164 (2d Cir. 2000) (holding federal court lacks jurisdiction to consider timeliness of § 2255 petition until petition is actually filed because, without petition, there was no case or controversy and any opinion on timeliness would be advisory); <u>Swichkow v. United States</u>, 565 F. App'x 840, 844 (11th Cir. 2014) (citing <u>Leon</u> and explaining: "[B]ecause Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard.  Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").  *See also, e.g.*, <u>In re: Ortiz</u>, No. CV-10-2103-CJC (RNB), 2010 WL 1170484 (C.D. Cal. Mar. 25, 2010) (denying application for extension of time and summarily dismissing matter without prejudice where state prisoner sought extension of time to file federal habeas corpus petition); <u>Pounds v. Quarterman</u>, No. 3:08cv416-K, 2008 WL 1776456 (N.D. Tex. Apr. 14, 2008) (order adopting report and recommendation to dismiss motion for extension of time for lack of jurisdiction where state prisoner sought extension of time to file federal habeas petition under § 2254). Accordingly, the motion requesting an extension of time to file a § 2254 petition should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Mr. Green fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the motion for extension of time (Doc. 1) be **DENIED** and the case be **DISMISSED** without prejudice.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 2, 2015.

 S/   Charles A. Stampelos   
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.